[762 NYS2d 192]

In the Matter of MICHAEL C. TRIMBOLI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 2, 2003

### APPEARANCES OF COUNSEL

*Vincent L. Scarsella, Deputy Chief Attorney, Eighth Judicial District Grievance Committee*, for petitioner.

*John Patrick Piere* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1976, and formerly maintained an office for

the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including misappropriation of funds. Respondent filed an answer admitting the material allegations of the petition, waived his right to appear before this Court, and submitted matters in mitigation through counsel.

Respondent admits that, over a period of more than four years, he misappropriated funds in the total amount of $60,582 from his law firm's operating account by issuing checks drawn on the account made payable to his personal credit card account or to petty cash and falsely noting on law firm check request forms that the expenditures were for office expenses and postage.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

Respondent has submitted, in mitigation, that he suffered from depression during the period when the misconduct occurred. The proof submitted by respondent, however, fails to establish a causal connection between the depression and his multiple thefts. We have considered that respondent made restitution and that he has a previously unblemished record. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years and until further order of the Court.

PINE, J.P., HURLBUTT, KEHOE, BURNS and HAYES, JJ., concur.

Order of suspension entered.