[764 NYS2d 231]

In the Matter of ELIZABETH A. FRANK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 13, 2003

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Edward Z. Menkin,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 12, 1989, and maintains an office for the practice of law in Liverpool. The Grievance Committee filed a petition charging respondent with acts of professional misconduct aris-

ing from her misappropriation of retainer funds and funds entrusted to her by clients while she was employed by a law firm. Respondent filed an answer admitting the allegations of the petition, and she appeared before this Court to submit matters in mitigation.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer; and

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in her possession incident to her practice of law.

Additionally, by failing to comply with attorney registration requirements, respondent has violated Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.

We have considered the matters submitted by respondent in mitigation, including her financial difficulty and her depression associated with an eating disorder. As this Court has previously noted, however, financial difficulty does not justify or excuse conversion (*see Matter of Steinbach*, 290 AD2d 81 [2001]), nor has respondent established a connection between her eating disorder and her multiple thefts. Finally, we note that respondent has not made restitution. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of two years and until further order of the Court. Additionally, we direct respondent to make restitution in accordance with the order entered herewith.

PINE, J.P., HURLBUTT, KEHOE, BURNS and HAYES, JJ., concur.

Order of suspension entered.