[797 NYS2d 202]

In the Matter of RODNEY W. JENNINGS, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 29, 2005

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Richard J.P. Hanlon*, Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 9, 1992, and maintains an office for the practice of law in Tully. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his misappropriation of retainer funds entrusted to him while he was employed by a law firm. Respondent filed an answer admitting the allegations of the petition, and appeared before this Court to submit matters in mitigation.

Respondent admits that, over a period of approximately three years, he collected legal fees from seven clients without notifying the firm. He further admits that he failed to deposit the fees in the law firm's accounts and used the funds for personal purposes.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer; and

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in his possession incident to his practice of law.

We have considered the matters submitted by respondent in mitigation, including that he suffered from depression during the period when the misconduct occurred. The proof submitted by respondent, however, fails to establish a causal connection between the depression and his multiple thefts. Additionally, we have considered that respondent has made partial restitution and that he has a previously unblemished record. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years and until further order of the Court (*see Matter of Frank*, 307 AD2d 142 [2003]; *Matter of Trimboli*, 304 AD2d 282 [2003]). Additionally, we direct respondent to make restitution in accordance with the order entered herewith.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of suspension entered.