[890 NYS2d 835]

In the Matter of JAMES P. DAVIS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2009

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Phillips Lytle LLP*, Buffalo (*David L. Edmunds, Jr.*, of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 22, 1985, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct that included conversion of client funds. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that he failed to maintain the funds of a client and used the funds for payment of personal expenses. He also admits that he deposited into his attorney trust account checks made payable to him for legal fees, thereby commingling client funds with personal funds, made cash withdrawals from the account and issued checks drawn against the account made payable to cash rather than to a named payee, and that he failed to maintain required records of client funds. Finally, respondent admits that he failed to respond promptly and completely to requests for information from the Grievance Committee during its investigation.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify special bank accounts in a proper manner;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102. (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee; and

DR 9-102 (i), (j) (22 NYCRR 1200.46 [i], [j])—failing to make available to the Grievance Committee financial records required to be maintained by the disciplinary rules.

We have considered the matters submitted by respondent in mitigation, including his record of service to impoverished clients, his payment of restitution, and his expression of remorse. Respondent also submits that he had no intention to deprive permanently a client of funds and took the funds in order to pay for basic necessities at a time when he was experiencing financial difficulties. In this regard, we note that we have previously determined that financial difficulties do not justify or excuse conversion of client funds (*see Matter of Frank*, 307 AD2d 142 [2003]; *Matter of Steinbach*, 290 AD2d 81 [2001]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for three months and until further order of the Court.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of suspension entered.