[8 NYS3d 532]

In the Matter of EDWARD W. McCLENATHAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 1, 2015

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*P. Adam Militello*, Pittsford, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Third Department on June 24, 2008, and maintains an office in Rochester. The Grievance Committee filed a petition alleging three charges of misconduct against respondent, including misappropriating escrow funds and making false statements to conceal the misappropriation. Respondent filed an answer admitting the material allegations of the petition, and he subsequently appeared before this Court and submitted matters in mitigation.

With respect to charge one, respondent admits that, in March 2012, he received from a client in a domestic relations matter funds in the amount of $14,800, which were earmarked for the client to purchase her spouse's interest in the marital residence. Respondent admits that, although he initially deposited the funds into his trust account, he thereafter misappropriated the funds for personal use. Respondent admits that, in May 2013, the client agreed to pay $15,050 for the spouse's share of the marital residence and, in September 2013, a judgment of divorce was entered. Respondent admits that he subsequently failed to remit any funds to the client's spouse and, from October 2013 through January 2014, he made a series of false statements and provided false documents to opposing counsel regarding the disposition of the escrow funds. Respondent admits that, in February 2014, he made a partial payment to opposing counsel using funds in the amount of $7,100 that he had received in relation to a separate client matter. Respondent further admits that he thereafter made false statements to the Grievance Committee regarding the disposition of the escrow funds.

With respect to charge two, respondent admits that, from January 2012 through May 2014, he deposited personal funds into his trust account and, on 64 occasions, he transferred funds from his trust account to his personal accounts without recording the purpose of many of those transfers. In addition, respondent issued trust account checks payable to cash, rather than a named payee.

With respect to charge three, respondent admits that he failed to provide a client in a domestic relations matter with itemized billing statements at regular intervals, as required by 22 NYCRR part 1400.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.15 (a) (22 NYCRR 1200.0)—misappropriating funds belonging to another person and commingling personal funds with such funds;

rule 1.15 (c) (3) (22 NYCRR 1200.0)—failing to maintain complete records of all funds of a client or third person coming into his possession and failing to render appropriate accounts to the client or third person regarding them;

rule 1.15 (c) (4) (22 NYCRR 1200.0)—failing to pay or deliver to a client or third person in a prompt manner as requested by the client or third person the funds, securities or other properties in his possession that the client or third person is entitled to receive;

rule 1.15 (d) (1) (22 NYCRR 1200.0)—failing to make and keep financial and other records concerning his practice of law;

rule 1.15 (e) (22 NYCRR 1200.0)—making withdrawals from a special account payable to cash and not a named payee;

rule 1.15 (i) (22 NYCRR 1200.0)—failing to make available to the Grievance Committee financial records required by the rules to be maintained;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We further conclude that respondent has violated 22 NYCRR part 1400 by failing to provide a client in a domestic relations matter with itemized billing statements at regular intervals.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including that the misconduct occurred at a time when he was suffering from family difficulties and financial problems. In that regard, however, we note that we have previously determined that financial difficulties do not justify or excuse conversion of funds belonging to another (*see Matter of Frank*, 307 AD2d 142, 143 [2003]). We have additionally considered in aggravation of the charges that respondent, for an extended period of time, engaged in a calculated pattern of deceit for personal gain and knowingly caused harm to others. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court.

SMITH, J.P., CARNI, SCONIERS and VALENTINO, JJ., concur. Order of suspension entered.