[25 NYS3d 518]

In the Matter of TERRANCE A. FALK, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 11, 2016

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Terrance A. Falk, Jr.,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 13, 1994, and formerly maintained an office in Rochester. He is the subject of three petitions alleging against him a total of four charges of professional misconduct, including misappropriating client funds, failing to refund unearned legal fees, and failing to cooperate in the investigation of the Grievance Committee. In addition, by order entered February 17, 2015, this Court suspended respondent on an interim basis after the Grievance Committee filed proof that, in January 2015, he had been convicted, upon his plea of guilty in Leroy Town Court, of petit larceny in violation of Penal Law § 155.25. In July 2015, Town Court sentenced respondent to a conditional discharge, and this Court directed him to show cause why a final order of discipline should not be entered based on the conviction, pursuant to Judiciary Law § 90 (4) (g). Respondent in response to the first two petitions filed answers admitting material allegations, and he has submitted matters in mitigation in response to the petitions and show cause order. With respect to the third petition, however, the Grievance Committee moves for an order finding respondent in default for failing to file a timely answer, and respondent cross-moves for permission to file a late answer. On October 27, 2015, the parties appeared before this Court, and respondent was heard in mitigation at that time.

With respect to the first petition, respondent admits that, in 2009, he agreed to represent a client on a contingent fee basis in a personal injury matter and, in December 2012, he received on behalf of the client settlement funds in the amount of $15,000. Respondent admits that he failed to remit any funds

to the client, to notify the client that he had received the funds, or to respond to subsequent inquiries from the client regarding the matter. Respondent additionally admits that he misappropriated to his own use funds in the amount of $8,824.94, which constituted that portion of the settlement funds to which the client was entitled.

With respect to the second petition, respondent admits that, in July 2014, an arbitrator rendered an award in the amount of $1,000 against respondent in favor of a former client, following a fee arbitration proceeding pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) part 137. The arbitrator found that, in October 2013, the client paid respondent funds in the amount of $1,000 to prosecute an eviction proceeding against a nonpaying tenant. The arbitrator found that respondent subsequently failed to take any action on behalf of the client or to refund the unearned legal fees. Respondent admits in this proceeding that he failed to challenge the arbitration award within the time period specified under 22 NYCRR part 137 and, thus, he is bound by the determination of the arbitrator. Respondent further admits that he has failed to satisfy the award.

With respect to the third petition, we deny respondent's motion for permission to file a late answer and grant the Grievance Committee's motion for an order finding him in default inasmuch as respondent, in opposition to the Committee's motion, has established neither a reasonable excuse for his failure to file a timely answer nor the existence of a meritorious defense to the charges. Accordingly, we deem admitted the allegations in the third petition.

Respondent admits that, in August 2010, he agreed to represent a client in an action for divorce and thereafter accepted legal fees in the total amount of $4,000. Respondent admits that he did not provide to the client any itemized billing statements as required by 22 NYCRR part 1400 and, as of December 2014, he had failed to complete the work for which he had been retained. Respondent further admits that, in September 2012, he received from the client's spouse funds in the amount of $2,209, which were intended to reimburse the client for certain medical expenses. Respondent admits, however, that he misappropriated those funds to his own use and failed to provide to the client an accounting of the funds, as requested by the client. Respondent admits that, in response to subsequent inquiries from the client, he remitted to the client only $1,200

piecemeal over several months, leaving a balance of $1,009 for which respondent has failed to account. Respondent also admits that, in early 2015, he failed to respond in a timely manner to inquiries from the Grievance Committee during its investigation of the matter, falsely asserted to the Committee that he was unable to obtain banking records for his trust account, and failed to produce to the Committee bookkeeping records reflecting his receipt and disbursement of client funds during the relevant time period.

We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;

rule 1.15 (a)—misappropriating funds or other property belonging to another person that came into his possession incident to his practice of law;

rule 1.15 (b) (1)—failing to maintain in a special account separate from his business or personal accounts all funds belonging to another person that came into his possession incident to his practice of law;

rule 1.15 (c) (1)—failing to notify in a prompt manner a client or third person of the receipt of funds, securities, or other properties in which the client or third person has an interest;

rule 1.15 (c) (3)—failing to maintain complete records of all funds of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them;

rule 1.15 (c) (4)—failing to pay or deliver to a client or third person in a prompt manner as requested by that person the funds, securities or other properties in his possession that such person is entitled to receive;

rule 1.16 (e)—failing to refund promptly any part of a fee paid in advance that has not been earned;

rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

Although we hereby deny respondent's motion for permission to file a late answer to the third petition, we have considered his statements in mitigation that are set forth in his proposed answer to that petition. Thus, in determining an appropriate sanction we have considered all of respondent's submissions in mitigation, including his statement that the misconduct occurred at a time when he was experiencing extreme family difficulties and mental health issues for which he has sought counseling and treatment. Although respondent states that his misappropriation of client funds and failure to refund unearned legal fees are attributable to financial difficulties, we note that we have previously determined that financial difficulties do not justify or excuse misuse of funds belonging to another person (*see Matter of Frank*, 307 AD2d 142, 143 [2003]). In aggravation of the charges, we have considered that respondent has engaged in a pattern of knowingly causing harm to clients for his personal benefit and that he has yet to repay two clients. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of four years and until further order of the Court. In addition, we direct respondent to pay restitution to one client in the amount of $1,009, as requested by the Grievance Committee in the third petition. We deny the Committee's request for restitution in the second petition, however, inasmuch as the Committee has failed to establish that respondent "wilfully misappropriated or misapplied" the funds in question within the meaning of Judiciary Law § 90 (6-a). We instead direct respondent to satisfy the fee arbitration award in the amount of $1,000 that was rendered in favor of his former client.

WHALEN, P.J., CENTRA, PERADOTTO and LINDLEY, JJ., concur.

Final order of suspension entered.